On Rehearing.

Gunter, J.
Pending an action against G. G. Symes, and after issue joined, he died. Plaintiff in error became hiá administratrix. Thereafter, without her appearing, being noticed or summoned, an order was made continuing the action against her as administratrix, and judgment had against her as such. Was this a valid judgment?
“It is a familiar and universal rule that a judgment rendered by a court having no jurisdiction, of either the parties or the subject-matter, is void and a: mere nullity, and will be so held and treated whenever and for whatever purpose it is sought to be used or relied on as a valid judgment.’’ — Black on Judgments, § 218; see also Smith v. Morrill et al., 12 Colo. *466 App. 233, 236, 55 Pac. 824; Great West Min. Co. v. Woodmas of Alston Min. Co., 12 Colo. 46, 20 Pac. 771; Wilson v. Hawthorne, supra.
The reason for this rule is the right of opportunity to be heard before interests are adjudged. Such reasoning and rule apply to the present case. By operation of law the administratrix (plaintiff in error) was liable for certain of the alleged obligations of the deceased. For such as were not binding upon the deceased, for such as did not survive she was not liable. When sued upon an alleged liability she had a right to the opportunity of availing herself of the above defenses, or any other defense she might have had before being judicially declared liable, and thereby concluded as to her defenses except those jurisdictional. This right was not accorded her; the court never had jurisdiction of her. In consequence the judgment rendered agáinst her was invalid. This was our conclusion in the original ruling, and as this remains unchanged, the petition for rehearing will be denied. Denied.